IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Donald Eugene Halpin,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 01-3188-MLB |
| ) | |
| **William L. Cummings, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for the appointment of counsel (Doc. 76) and motion to compel (Doc. 65). The court's rulings are set forth below.

**1. Motion for Appointment of Counsel (Doc. 76)**

Plaintiff, an inmate currently incarcerated in Florida, moves the court to appoint counsel under 28 U.S.C. § 1915 to represent him in his claim that defendants were deliberately indifferent to his medical needs. In support of his motion, plaintiff asserts:

1. The plaintiff is unable to afford counsel. Plaintiff paid Mr. Richard Senecal, Esquire, Atchison, Kansas, and David W. Collins, Esquire, Monticello, Florida ($5,000 to Mr. Senecal and $3,500 to Mr. Collins) in an attempt to resolve the matter with the defendants, and to have the plaintiff transferred back to the Kansas Department of Corrections (KDOC) and/or permit the plaintiff to parole to Kansas. However, the defendants refused to

settle the instant case.[1]

2. The issues involved in this case are complex.

As explained in greater detail below, the motion shall be DENIED.

Plaintiff moves for the appointment of counsel under 28 U.S.C. § 1915 (proceeding in forma pauperis). However, he has never requested nor been granted leave to proceed in forma pauperis and in fact paid the $150 filing fee to commence this case. Plaintiff's conclusory allegation that he "is unable to afford counsel" is not sufficient to show that he is indigent and/or unable to afford counsel.[2]

Even if plaintiff were able to demonstrate his indigency and inability to afford counsel, the court would still deny his request for the appointment of counsel.[3] In evaluating whether to appoint counsel to represent plaintiff, the court considers (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. See Castner

---

[1] Plaintiff was convicted in Florida state court in 1980 and sentenced to life in prison. In 1989, he was transferred from the custody of the Florida Department of Corrections to the custody of the Kansas Department of Corrections. The events giving rise to this lawsuit occurred while plaintiff was housed at the Lansing Correctional Facility. Plaintiff has since been returned to Florida Department of Corrections. Notwithstanding his claims of deliberate indifference to medical care, plaintiff seeks to return to correctional facilities in Kansas.

[2] Plaintiff's statement is particularly suspect given his unexplained ability to pay counsel $8,500 to assist him.

[3] Although courts and parties frequently speak in terms of "appointing" counsel, the statute actually provides that the court "may *request* an attorney to represent" an indigent party. 28 U.S.C. § 1915(e)(1)(emphasis added).

v. Colorado Springs Cablevision, 979 F.2d 1417, 1420-21 (10th Cir. 1992). Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located; however, the indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from volunteering their time. Id. at 1421.

Without prejudging in any way the merits of plaintiff's complaint, the court notes that plaintiff has demonstrated the capacity to prepare and present his claims without the aid of counsel. For example, he successfully appealed this case to the Tenth Circuit and secured a reversal of the trial court's dismissal of his "deliberate indifference" claim. Plaintiff also earned a degree in paralegal studies and worked for an attorney before his current imprisonment. More importantly, his pleadings and motions reflect legal skills and abilities well beyond the average person. Under the circumstances, the court declines to appoint counsel to represent plaintiff.[4]

**IT IS THEREFORE ORDERED** that plaintiff's motion for the appointment of counsel **(76)** is **DENIED.**

**2. Plaintiff's Motion to Compel (Doc. 65)**

Plaintiff moves to compel the production of certain medical records. In response, defendants explain that they sent two stacks of documents to attorney Richard Senecal under

---

[4] Plaintiff has also failed to explain his efforts in attempting to secure counsel. Normally, the court would not place much emphasis on this factor when the plaintiff is in prison. However, this case is unusual in that plaintiff, on his own, secured the services of both a Kansas and Florida attorney. Because plaintiff has secured the services of counsel through his own efforts in the past, the court has taken this factor into account.

the mistaken belief that Mr. Senecal represented plaintiff in this case. Upon receiving clarifying information that plaintiff is proceeding without the assistance of counsel, defendant forwarded copies of all requested documents in its possession to plaintiff.[5] Plaintiff does not challenge defendant's explanation and statement that the records have now been provided to him. Accordingly, the motion is MOOT.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 65)** is **MOOT.**

Dated at Wichita, Kansas this 6th day of May 2004.

S/ Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge

---

[5] Although Mr. Senecal had some initial contact with the court and opposing counsel concerning this case, he never formally entered his appearance. As noted, plaintiff has clarified that he is currently proceeding without the assistance of counsel.