## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Donald Eugene Halpin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 01-3188-MLB |
| | ) |
| William L. Cummings, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motions to compel (Doc. 96 & 111) and to amend his complaint (Doc. 97). The court's rulings are set forth below.

**1. Motion to Amend Complaint (Doc. 97)**

Plaintiff moves for leave to file a second amended complaint. In support of his motion, plaintiff alleges (1) the denial of medical treatment by the Kansas Department of Corrections and Prison Health Services, Inc. *after* the filing of this lawsuit, and (2) that defendants retaliated against him for filing this lawsuit. With respect to the second allegation, plaintiff contends he was transferred back to the Florida Department of Corrections at his request for medical treatment and defendants are now refusing his request to return to Kansas to complete

his Florida sentence.[1]    Defendant opposes the motion, arguing that plaintiff has failed to exhaust his administrative remedies related to the new claims.   For the reasons set forth below, the motion to amend shall be DENIED.

The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).   Plaintiff is currently a prisoner confined by the Florida Department of Corrections and this is an action with respect to prison conditions; accordingly, the PLRA requires him to exhaust his administrative remedies.[2]

Having reviewed the proposed amended complaint, the court finds that plaintiff has failed to satisfy the PLRA's exhaustion requirement concerning his new claims.   The Tenth Circuit recently reemphasized the exhaustion requirements, holding:

> [t]o satisfy the PLRA's exhaustion requirement, a prisoner must do more than

---

[1]    Plaintiff was convicted in Florida state court in 1980 and sentenced to life in prison. In 1989, he was transferred from the custody of the Florida Department of Corrections to the custody of the Kansas Department of Corrections pursuant to the Interstate Corrections Compact enacted by both states.  See Fla. Stat. §§ 941.55-57; Kan. Stat. §§ 76-3001 to 3003.  The events giving rise to this lawsuit occurred while plaintiff was housed at the Lansing Correctional Facility.  Plaintiff has since been returned to the Florida Department of Corrections.  Notwithstanding his claims of deliberate indifference to medical care while housed at Lansing, plaintiff seeks to return to correctional facilities in Kansas.

[2]    Clearly, allegations concerning medical treatment relate to "prison conditions." Plaintiff's claim of retaliation, while more unusual, also relates to "prison conditions."  In essence, plaintiff seeks through this lawsuit to modify his prison conditions by securing a transfer from a Florida prison to a Kansas prison.

allege that he has exhausted his administrative remedies. To state a claim for relief, a prisoner must (1) make a "short and plain statement of the claim," Fed. R. Civ. P. 8, and (2) "attach [ ]a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (quoting Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

Simmat v. United States Bureau of Prisons, ___F.3d___, 2005 WL 1541070 (10th Cir. 2005).

Because plaintiff has not shown that he exhausted his administrative remedies concerning (1) medical treatment *after* the filing of this lawsuit and (2) the refusal to allow him to transfer from a Florida correctional facility  to a Kansas facility, his new claims fail to state a cause of action and the amendments would be futile. Thus, the motion to amend shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 97)** is **DENIED.**


## 2. Plaintiff's Motion to Compel (Doc. 96)

Plaintiff moves to compel documents which defendants have withheld from discovery based on a claim of attorney work product.[3]  The parties have narrowed their arguments to the single issue of whether the documents were prepared in anticipation of litigation.  Specifically, plaintiff argues that the documents described in defendants' privilege log (Doc. 105) were prepared "in the ordinary course of running the prison, such as responding to KDOC inmate medical grievance appeals," and that the documents would have been prepared regardless of

---

[3]

By letter dated May 28, 2005 (Doc. 112), plaintiff advised that all other matters raised in this motion had been resolved to his satisfaction.  Accordingly, the court limits its analysis to the documents described in defendants' privilege log (Doc. 105).

whether litigation was anticipated.   (Doc. 110, p. 1).   Defendants counter that the documents were prepared in anticipation of litigation.

The court has reviewed the record and is satisfied that the disputed documents were prepared in anticipation of litigation.   In grievance No. AA20010926, plaintiff unequivocally stated: "If this grievance appeal is denied, *I will seek relief through the courts.*"   (Doc. 41, exhibit 4, emphasis added). Similarly, in grievance Nos. AA20010260 and AA2001061, plaintiff stated: "*I will seek relief in federal court* of law for various constitutional violations, *and a medical malpractice/negligence lawsuit in state court*."   (Doc. 41, exhibit 5, emphasis added).   In light of plaintiff's statements, defendants reasonably anticipated litigation by plaintiff concerning his medical care and treatment.   Accordingly, the motion to compel shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 96)** is **DENIED.**

### 3. Plaintiff's Motion to Compel (Doc. 111)

Plaintiff seeks to compel responses to interrogatories and productions requests from (1) Victor Arnold, CEO of Kansas University Physicians, Inc. (KUPI) and (2) Carolyn Tyler, an employee of the Florida Department of Corrections.   However, neither KUPI nor Ms. Tyler are parties to this litigation.   Because interrogatories (Fed. R. Civ. P. 33) and production requests (Fed. R. Civ. P. 34) are only applicable to *parties*, plaintiff's motion shall be

DENIED.[4]

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (**Doc. 111**) non-parties (Victor Arnold and/or Carolyn Tyler) to respond to interrogatories and production requests is **DENIED.**

Dated at Wichita, Kansas this 8th day of July 2005.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4]

KUPI provides consulting services to the Kansas Department of Corrections concerning prisoner medical care.  Plaintiff contends that KUPI is an agent of the Kansas Department of Corrections and therefore a party.  However, the assertion that KUPI is somehow an "agent" is irrelevant because KDOC is not a party to this lawsuit.

Plaintiff also asserts that Ms. Tyler, a Florida correctional employee, is a party to this lawsuit because she is an agent of the KDOC.  Again, this argument is irrelevant because KDOC is not a party in this lawsuit.  Moreover, the court finds no basis for finding Ms. Tyler an "agent" for *any* party in this lawsuit.