# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Donald Eugene Halpin,**          )<br>                                                          )<br>            **Plaintiff,**          )<br>                                                          )<br>**v.**                                                )<br>                                                          )<br>**William L. Cummings, et al.,**   )<br>                                                          )<br>            **Defendants.**      )<br>                                                          )<br>_____) | Case No. 01-3188-MLB |

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

1.  Plaintiff's Motion for a Writ of Habeas Corpus Ad Testificandum (Doc. 131);

2.  Plaintiff's Motion for an Order to Appoint an Expert (Doc. 134);

3.  Plaintiff's Motion to Compel (Doc. 135);

4.  Plaintiff's Motion to Reconsider (Doc. 143);

5.  Plaintiff's Motion for Judicial Notice (Doc. 146);

6.  Defendants' Motion to Strike Expert Designations (Doc. 153);

7.  Plaintiff's Motion to Compel (Doc. 156);

8.  Plaintiff's Motion "For Court Order" (Doc. 159);

9.  Plaintiff's Motion to Amend/Correct Motion (Doc. 161);

10. Plaintiff's Motion to Compel (Doc. 162);

      11.    Defendants' Motion to Strike Expert Designations (Doc. 168); and

      12.    Plaintiff's Motion to Compel (Doc. 173).

The court's rulings are set forth below.

## Background

The following provides context for the pending motions. Plaintiff was convicted in Florida state court in 1980 and sentenced to life in prison. He was transferred from the custody of the Florida Department of Corrections to the custody of the Kansas Department of Corrections in 1989.[1] The events giving rise to this lawsuit occurred during plaintiff's incarceration at the Lansing Correctional Facility and plaintiff asserted the following claims in his original complaint:

    1. Violation of the Interstate Correction Compact;

    2. Deliberate indifference to serious medical needs;

    3. Denial of access to the courts; and

    4. Denial of Florida "gain-time" credits.

Judge VanBebber dismissed all claims pursuant to 28 U.S.C. 1915A(a) and (b). (Order, Doc. 2). The Tenth Circuit affirmed the dismissal of plaintiff's claims concerning (1) the ICC, (2) the denial of access to the courts and (3) "gain-time" credits. However, the

---

[1] Plaintiff was transferred to Kansas to serve his Florida sentence under the Interstate Corrections Compact ("ICC") enacted by both states. See Fla. Stat. 941.55-57; Kan. Stat. 76-3001 to 3003. The reasons for the transfer related to plaintiff's safety and are otherwise irrelevant to this lawsuit.

dismissal of plaintiff's claim of deliberate indifference to medical needs was reversed and remanded for further proceedings. Halpin v. Simmons, No. 01-3188, 2002 WL 700936 (10th Cir. April 24, 2002). After the remand, plaintiff amended his complaint to update his medical problems and to add claims based on medical negligence.

Upon his request plaintiff was transferred back to the Florida Department of Corrections for medical care and treatment in 2004. Notwithstanding his complaints of deliberate indifference and medical negligence in Kansas, plaintiff now wishes to return to Kansas to serve the remainder of his Florida sentence. However, the Kansas Department of Corrections refuses to accept the transfer and plaintiff remains in the custody of the Florida Department of Corrections. An experienced and persistent prison litigator, plaintiff attempts to utilize this medical treatment lawsuit as a vehicle to secure his return to Kansas where his wife currently resides.[2] The twelve pretrial motions (ten filed by plaintiff) are addressed below in the chronological order of their filing.

**1. Motion for a Writ of Habeas Corpus Ad Testificandum (Doc. 131)**

Plaintiff moves for a writ of habeas corpus ad testificandum requiring the Kansas Department of Corrections to bring three inmate witnesses before the court for a trial which he believes will commence in March 2006. In addition, plaintiff requests that the

---

[2] Appendix A is a partial listing of cases plaintiff filed concerning his confinement in Florida. In addition to this list, plaintiff indicates that he has filed 13 additional lawsuits in Kansas and Florida since 1997. (Amended Complaint, Doc. 13, paragraph 18). At times, plaintiff has retained the services of at least two Kansas attorneys (Michael Holland and Richard Senecal) and one Florida attorney (David Collins) to assist him with his legal proceedings.

defendants bear the cost of implementing the writ. The motion shall be denied without prejudice because it is premature and no firm trial date has been established. Moreover, the court is unable to discern the relevance of the witnesses' proposed testimony to this case.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a writ of habeas corpus ad testificandum **(Doc. 131)** is **DENIED WITHOUT PREJUDICE.** Plaintiff is granted leave to refile the motion with an explanation of relevance *after* (1) a final pretrial order is filed, (2) dispositive motions have been resolved, and (3) the court has established a firm trial setting.[3]

**2. Plaintiff's Motion for an Order to Appoint an Expert (Doc. 134)**

Plaintiff moves the court under Fed. R. Civ. P. 706 to "appoint a neutral medical expert not associated with [either party] to give unbiased testimony concerning the issues before the court." The problem with plaintiff's motion is that the reference to "issues before the court" is too vague to be meaningfully evaluated.[4] Accordingly, the motion will be denied without prejudice to being reasserted after the issues are narrowed by the final pretrial order.

---

[3] Defendants' response mentions a separate request for a writ to bring plaintiff from Florida to Kansas for the trial. The docket reflects no such motion. However, for the reasons stated herein, the court would similarly deny such a request as premature.

[4] Although the court's primary concern at this time is the vagueness of the request, any future motion must also address: (1) suggested witness names, (2) who would pay for the expert, and (3) the extent of the expert's investigation and review.

**3. Plaintiff's Motion to Compel (Doc. 135)**

Plaintiff moves to compel interrogatory answers and production requests from: Dr. James Baker, Dr. Akin Ayeni, Dr. Danny Stanton and Dr. Stephen Dayan. With respect to Dr. Stanton, defendants argue that Dr. Stanton "has never been named as a defendant in this case and therefore no discovery responses from him are required per Fed. R. Civ. P. 33 and 34." The court agrees. Dr. Stanton is not a named party in this case and is not personally required to answer interrogatories or production requests.[5] Accordingly, the motion to compel Dr. Stanton is DENIED.

With respect to Dr. Baker, defendant asserts that he "is almost totally disabled from multiple sclerosis and retired from medicine approximately three years ago." While the court is sympathetic to Dr. Baker's medical condition, counsel's conclusory assertion is inadequate. No showing has been made that Dr. Baker is incapable of answering interrogatories.[6] Accordingly, plaintiff's motion to compel discovery from Dr. Baker shall be GRANTED.

Finally, defense counsel explains that no discovery responses are available from Dr. Ayeni and Dr. Dayan, because counsel is unable to communicate with or otherwise locate these two defendants. The failure of a party to remain in contact with his or her counsel is

---

[5] Plaintiff's argument that Dr. Stanton must respond because he is an agent of Prison Health Services ("PHS," a named defendant in this case) is without merit. Only parties to litigation can be compelled to answer interrogatories production requests and PHS retains the discretion to designate a representative for purposes of answering interrogatories.

[6] The assertion that someone is "almost totally disabled" is simply too vague and fails to answer the critical question: is the doctor able to answer interrogatory questions?

– 5 –

not an acceptable reason for ignoring interrogatories or production requests. Accordingly, the motion to compel Dr. Ayeni and Dr. Dayan shall be GRANTED. Dr. Ayeni and Dr. Dayan are cautioned that their failure to comply with this order may result in the imposition of sanctions, up to and including a possible entry of default against them.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 135)** is **GRANTED IN PART** and **DENIED IN PART.** Dr. Baker, Dr. Ayeni and Dr. Dayan shall answer the interrogatories and production requests on or before **September 23, 2005.**

**4. Plaintiff's Motion to Reconsider (Doc. 143)**

Plaintiff moves the court to reconsider its order of July 8, 2005 (Doc. 124) or, in the alternative, grant plaintiff leave to file an interlocutory appeal to the Tenth Circuit. The court declines to reconsider its rulings because plaintiff has failed to provide sufficient justification for reconsideration. The court denied plaintiff's motion to amend his complaint and motion to compel and plaintiff merely seeks to regurgitate his prior arguments and/or bolster the record with arguments that should have been asserted in the original motions. Plaintiff is an experienced prison litigator and the tactic of moving for reconsideration whenever he receives an adverse ruling is not acceptable.[7] Moreover, the court declines to grant leave to file an interlocutory appeal to the Tenth Circuit because such a request is procedurally inappropriate.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider the Court's July

---

[7] See, e.g., Doc. 101, Plaintiff's motion for reconsideration of Court's April 19, 2005 Order.

8, 2005 order or, in the alternative, to grant leave to file an interlocutory appeal **(Doc 143)** is **DENIED.**

### 5. Plaintiff's Motion for Judicial Notice (Doc. 146)

Plaintiff moves for judicial notice of the fact that other civil lawsuits have been filed against Dr. Naik, Dr. Perry, Dr. Smith and PHS. Defendants do no dispute that the lawsuits have been filed but question the relevance and materiality of such information to this case. The court agrees that the relevance and materiality of such information is unclear at this time and the motion shall be denied without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's motion for judicial notice **(Doc. 146)** is **DENIED WITHOUT PREJUDICE.** Plaintiff may renew his motion after the entry of a final pretrial order when the issues will be more narrowly defined.

### 6. Defendant's Motion to Strike Expert Designations (Doc. 153)

Plaintiff designated three persons as experts:

   Dr. Lawrence Perry, M.D.,

   Sherry Dettman Roudybush, R.N., and

   Dr. Margaret L. Smith, M. D.

Defendants move to strike these expert designations, arguing that the three individuals reviewed certain issues in anticipation of the current litigation for the state and that the court has "already determined" that any reports from these individuals were made in anticipation of litigation and are privileged. (citing Doc. 124, Order of July 8, 2005).

– 7 –

Plaintiff counters that he misunderstood the disclosure requirements in the scheduling order and that these three persons, although experts, are not retained experts but rather witnesses he will call at trial to testify to facts they observed.[8]

With respect to defendants' arguments concerning the July 8 Order, defendants are correct in noting that the court found that certain documents prepared by Nurse Roudybush and Dr. Perry were work product and therefore protected from disclosure. However, defendants' suggestion that the court somehow immunized these three individuals from testimony is incorrect. The issue of whether any individuals were subject to being called as witnesses was neither raised by the parties nor addressed by the court in the July 8 order. Accordingly, defendants' argument that the court has previously ruled on this issue is rejected.

More importantly, the observations and role that these three individuals played in plaintiff's care and treatment has not been explained to the court's satisfaction. As the parties seeking to strike plaintiff's witnesses, defendants have failed to show sufficient grounds for striking the three witnesses; therefore, the motion shall be denied.[9]

**IT IS THEREFORE ORDERED** that defendants' motion to strike expert designations **(Doc. 153)** is **DENIED.**

---

[8] Plaintiff's response brief is articulate, well-supported by legal citations, and professional in appearance. Although plaintiff signed the response brief, the court assumes that it was prepared by an attorney.

[9] The court expresses no opinion whether these three individuals are appropriate witnesses and/or will be permitted to testify at trial. This ruling is limited to the narrow arguments asserted by defendants and the limited record before the court.

**7. Plaintiff's Motion to Compel (Doc. 156)**

Plaintiff seeks to compel responses to interrogatories and production requests form from Dr. Ayeni, Dr. Dayan, and Dr. Stanton. These same discovery requests were the subject of plaintiff's motion to compel (Doc. 135) and the issues are identical. The court reaffirms its ruling concerning plaintiff's prior motion (Doc. 135, discussed above). For administrative purposes this motion to compel (Doc. 156) will be denied as moot.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (**Doc. 156**) is **DENIED** as moot.

**8. Plaintiff's Motion "For Court Order" (Doc. 159)**

Plaintiff moves to compel answers to interrogatories and production requests served on Dr. Lawrence Perry, Dr. Margaret Smith, and Nurse Roudybush. Plaintiff argues that he has a substantial need for this information which he is otherwise unable to secure.[10] The problem with plaintiff's motion is that, once again, he is attempting to compel interrogatory answers and document production under Rule 33 and 34 from non-parties – – a discovery procedure which is not permitted by the federal rules of civil procedure. Accordingly, the motion to compel shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (**Doc. 159**) is **DENIED.**

---

[10] Plaintiff argues his motion in the context of a dispute over the production of work product materials. However, the flaw in his motion is that the discovery dispute before the court concerns interrogatories and production requests served on non-parties.

**9. Plaintiff's Motion to Amend/Correct Motion (Doc. 161)**

Plaintiff moves to correct and amend language in his motion to compel (Doc. 156, filed August 1, 2005). The motion shall be granted and the court has taken the amended language into account.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend/correct **(Doc. 161)** is **GRANTED.** No further action by plaintiff is required with respect to this motion.

**10. Plaintiff's Motion to Compel (Doc. 162)**

Plaintiff moves to compel defendant Cummings to answer interrogatories 10, 11, and 12. Interrogatory 10 and 11 request information concerning medical grievances and the deaths of certain inmates. Interrogatory 12 requests the number of medical lawsuits filed against defendant from January 1, 2000 to June 30, 2005.

In response, defendant Cummings opposes the motion with the following single sentence:

> For the reasons expressed and the objections made in responding to the complained-of interrogatories (see attached responses to the interrogatories; see also attached interrogatories) which are incorporated herein, defendant Cummings prays the court to deny the motion to compel.

This response is insufficient, inappropriate, and unprofessional. Defense counsel shall review and comply with D. Kan. Rule 7.6 in the future when filing any brief or memorandum with the court.

Notwithstanding the inadequacy of Cummings' response brief, the court will address the objections set forth in his answers to the interrogatories. The court rejects Cummings'

-10-

conclusory assertion that the information sought is "irrelevant and immaterial." Information is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). At a minimum, information concerning grievances may lead to evidence showing a pattern and practice of deliberate indifference to the medical care of prisoners.

Cummings also argues that, under K.S.A. 65-2422d (c), "the date and cause of death are part of a death certificate which the Kansas Department of Health and Environment State Registrar can release only upon a proper showing." This objection is rejected. K.S.A. 65-2422d(c) limits the *state registrar's* disclosure of information and has no application to the disclosure of information by Cummings.

Similarly, Cummings argues that the date and cause of an inmate's death are not "open records" and therefore cannot be disclosed under K.S.A. 45-221(a)(29). Cummings' objection is misguided because K.S.A. 45-221 does not prohibit the disclosure of such information. The statute limits disclosure "[e]xcept to the extent disclosure is otherwise required by law." Because the federal rules of civil procedure require the disclosure of relevant information, K.S.A. 45-221 is no bar to the disclosure of information.

Finally, Cummings argues that Kansas administrative regulation 44-15-105(a) makes the grievance records "confidential." However, the regulation's provision that grievance documents should be treated in a "confidential" manner does not equate to a "privilege." More importantly, this is a federal action based upon an alleged constitutional violation and the existence of a privilege is governed by Fed. R. Evid. 501. Cummings offers no legal authority allowing a state administrative regulation to trump the required disclosure of

-11-

information under federal law. In the absence of any supporting legal argument or authority from Cummings, the court rejects this objection. Accordingly, the motion to compel shall be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 162)** is **GRANTED.** Defendant Cummings shall answer the interrogatories on or before **September 23, 2005.**

**11. Defendants' Motion to Strike Expert Designations (Doc. 168)**

Defendants PHS, Goehring, Ayeni, Baker, Dayan, and Naik move to strike plaintiff's designation of experts for failure to provide the necessary disclosures for retained experts as required by Fed. R. Civ. P. 26(b). However, plaintiff indicates that the experts are not retained and he intends to simply call them as fact witnesses. Because the "experts" are not retained or specially employed to provide expert opinions, the motion to strike shall be denied.

**IT IS THEREFORE ORDERED** that defendants' motion to strike expert designations **(Doc. 168) is DENIED.**[11]

**12. Plaintiff's Motion to Compel (Doc. 173)**

Plaintiff moves to compel various nonparties to respond to interrogatories, production

---

[11] The court offers no opinion whether these witness are appropriate fact witness and/or will testify at trial. The court's ruling is limited to the arguments asserted in defendants' motion.

-12-

requests and requests for admissions. For the reasons previously set forth in this opinion, interrogatories and requests for production are not appropriate discovery tools for nonparties. Similarly nonparties cannot be compelled to respond to requests for admissions.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 173)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of August 2005.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge