**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**Donald Eugene Halpin,**                )

              )

      **Plaintiff,**     )

              )

**v.**            )   **Case No. 01-3188-MLB**

              )

**William L. Cummings, et al.,**   )

              )

      **Defendants.**   )

              )

              )


## MEMORANDUM AND ORDER


This matter is before the court on the following motions:

   1. Plaintiff's Motion to Compel (Doc. 171);

   2. Defendant's Motion to "Alter or Amend Order" (Doc. 186); and

   3. Plaintiff's Motion for Service (Doc. 194).

The court's rulings are set forth below.[1]


**1. Plaintiff's Motion to Compel (Doc. 171)**

Plaintiff moves to compel answers to his interrogatories.  Specifically, plaintiff

seeks the names and addresses of the directors for the boards of Prison Health Services

(PHS) and its parent corporation, American Service Corporation, Inc.  (Interrogatory No.

---

[1]   The background and nature of this lawsuit have been described in prior opinions and will not be repeated.  See, e.g., Memorandum and Order, Doc. 180.

1). PHS opposes the motion, arguing that the information is irrelevant to decisions made concerning plaintiff's medical care. The court disagrees. One of plaintiff's theories is that PHS doctors limited the care and treatment provided to plaintiff in order to generate greater profits for PHS. Because the names and addresses of the directors are reasonably calculated to lead to discovery of admissible evidence, the information is relevant. Accordingly, the motion to compel answers to Interrogatory No. 1 is GRANTED.

Plaintiff also requests copies of the corporate charters for PHS, American Service Group, Inc. and EMSA Correctional Care.[2] For the reason stated above, PHS shall provide plaintiff with a copy of its corporate charter. However, because American Service Group and EMSA Correction Care are not parties to this lawsuit, the production request for their corporate charters is inappropriate and rejected. Therefore, plaintiff's motion to compel production of documents is GRANTED IN PART and DENIED IN PART.

Plaintiff seeks to compel answers to Interrogatories Nos. 5, 6, 6(a), 7, and 8 concerning medical care and treatment by PHS. PHS opposes the motion, arguing that the information is irrelevant.[3] Plaintiff counters that the information is relevant because the information may show "plan, knowledge, identity, or absence of mistake or accident." The court is satisfied that the information requested may lead to the discovery of admissible

---

[2]

Although styled as an interrogatory, the discovery request is more appropriately characterized as a request for the production of documents under Fed. R. Civ. P. 34.

[3]

PHS also asserts in a single sentence that inmates "are entitled to their own privacy." However, PHS fails to provide any detail, privilege log, or citation to support its argument. Because of the vague nature of this unsupported assertion, the objection is summarily rejected.

evidence of PHS's knowledge of improper medical care by its doctors.  Accordingly, the motion to compel Interrogatory Nos. 5, 6, 6(a) 7, and 8 is GRANTED.

Plaintiff moves to compel PHS to explain why PHS and EMSA have over 1,100 lawsuits filed against them.  (Interrogatory No. 9).  Because EMSA is not a party to this lawsuit, that part of the motion shall be DENIED.  However, the request for PHS to explain why it has been sued so many times is relevant and the motion shall be GRANTED.

Finally, plaintiff moves to compel plaintiff to answer Interrogatory No. 10 which asks PHS whether it settled six reported cases.  PHS opposes the request, arguing that the information is irrelevant.  The court agrees.  Whether or not PHS settled certain claims is not relevant to the claims in this lawsuit.  Accordingly, the motion to compel Interrogatory No. 10 is DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel PHS to answer interrogatories **(Doc. 171)** is **GRANTED IN PART** and **DENIED IN PART.**  PHS shall answer the interrogatories, consistent with the rulings set forth above, on or before **October 21, 2005.**

**2. Defendant Cummings' Motion to Alter or Amend Order (Doc. 186)**

Cummings requests that the court delete the following language from its August 29, 2005 Memorandum and Order:

> [Defendant Cummings'] response is insufficient, inappropriate, and unprofessional.  Defense counsel shall review and comply with D. Kan. Rule 7.6 in the future when filing any brief or memorandum with the court.

– 3 –

For the reasons set forth below, the motion shall be DENIED.

Plaintiff, a prisoner proceeding pro se, filed a nine-page motion to compel

defendant Cummings to answer certain interrogatories.  (Doc. 162).  The motion contained

rational legal arguments for overruling Cummings' objections to the interrogatories and

was supported by appropriate case citations.  In contrast to plaintiff's motion, defendant

Cummings' response was limited to the following sentence:

> For the reasons expressed and the objections made in response to
> the complained-of interrogatories (see attached responses to the
> interrogatories; see also attached interrogatories) which are incorporated
> herein, defendant Cummings prays the court to deny the motion to compel.

(Doc. 167).  Attached to that response were defendant's interrogatory answers and

boilerplate objections that the interrogatories were irrelevant, immaterial, and outside the

scope of discovery.  Defendant's objections also contained, without elaboration, assertions

that the requested information was not discoverable based on two state statutes (K.S.A. 45-

221(a)(29) and 65-22d(c)) and a prison regulation (K.A.R. 44-15-105(b).

In support of his motion "to alter or amend," defense counsel argues that the court's

comments were unwarranted because he filed a "short, concise statement" of opposition to

the motion as provided by local Rule 7.1(c) and elected not to file a brief or memorandum

in support thereof.  The pitfall with this argument is that defense counsel misconstrues the

language in D. Kan. Rule 7.1(c).

Rule 7.1(c) provides:

> **Responses and Replies to Motions.**  Within the time provided in D. Kan.
> Rule 6.1(d), a party opposing a motion shall file and serve a written
> response to the motion containing a short, concise statement of its
> opposition to the motion, and **if appropriate, a brief or memorandum in**

**support thereof.**  The moving party may file and serve a written reply memorandum.  (Emphasis added).

Contrary to defense counsel's suggestions, the language in Rule 7.1(c) does not grant counsel unfettered discretion whether to file a supporting brief or memorandum.  Rather, the rule requires the filing of a brief "if appropriate."  Whether a brief or memorandum is "appropriate" depends on the nature of the pending motion and the reasons for opposing the motion.

In this case plaintiff filed a nine-page brief explaining why Cummings' boilerplate objections (irrelevant and immaterial) should be rejected and the motion granted.  Under the circumstances, a single, conclusory statement that defendant opposed the motion based on his prior objections was "insufficient, inappropriate, and unprofessional."  At a minimum, defendant should have responded to plaintiff's relevance arguments.  Similarly, defendant's reference to state statutes and regulations was also "insufficient, inappropriate, and unprofessional."  On their face, the two state statutes have no apparent application to the discovery controversy before the court and defendant should have explained their applicability.  Similarly, defendant should have cited authority for the application of a state prison regulation to a suit in federal court concerning a constitutional violation.

Defense counsel's contention that the court erroneously referenced D. Kan. R. 7.6 is also rejected.  The court was merely admonishing counsel to review the rule as a reminder that legal arguments should be in a party's brief or memoranda rather than in an exhibit or attachment.

**IT IS THEREFORE ORDERED** that defendant Cummings' motion to alter or

– 5 –

amend **(Doc. 186)** is **DENIED.**

**3. Motion for Service (Doc. 194)**

Plaintiff moves the court for an order directing the U. S. Marshal Service to serve

subpoenas on non-parties for the production of documents.[4]  In support of his motion,

plaintiff asserts that he has tendered $240 (the cost of service) but that the U.S. Marshal

Service refuses to serve the subpoenas unless ordered to do so by the court.  For the

reasons set forth below, the motion shall be DENIED.

Fed. R. Civ. P. 45(b) allows a subpoena to be served by "any person who is not a

party and is not less than 18 years of age."  Because of the liberal definition of who may

serve a subpoena, the court declines to order the U.S. Marshal Service to serve discovery

subpoenas absent exceptional circumstances.

In this case, plaintiff presents no "exceptional circumstances."  He has not been

granted leave to proceed *in forma pauperis* and apparently has sufficient resources to

secure the service of the subpoenas without the assistance of the U.S. Marshal's office.

Equally important, plaintiff has demonstrated an exceptional level of legal skills and, when

he deems it appropriate, has secured outside counsel to assist him in his legal proceedings.

Under the circumstances, the court denies plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion for an order directing the

---

[4]

Plaintiff requests service on three individuals in Kansas and two individuals in
Florida.

U.S. Marshal Service to serve subpoenas **(Doc. 194)** is **DENIED.**[5]

      **IT IS SO ORDERED.**

      Dated at Wichita, Kansas this 7th day of October 2005.


                       S/ Karen M. Humphreys

                       _____

                       KAREN M. HUMPHREYS
                       United States Magistrate Judge

---

[5]

    This ruling is without prejudice to plaintiff's use of a private individual to serve subpoenas as contemplated by Rule 45(b)(1).  The court expresses no other opinions concerning the subpoenas and/or their validity because copies have not been provided for the court's review.