**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


| | |
|---|---|
| **Donald Eugene Halpin,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 01-3188-MLB** |
| ) | |
| **William L. Cummings, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |


**MEMORANDUM AND ORDER**


This matter is before the court on the following motions:

      1. Defendant Baker's Motion for a Protective Order (Doc. 205);

      2. Plaintiff's Motion for an Extension of Time (Doc. 208);

      3. Plaintiff's Motion for Clarification (Doc. 209);

      4. Plaintiff's Motion for Clarification (Doc. 210);

      5. Defendant PHS's Motion for an Extension of Time (Doc. 213);

      6. Plaintiff's Motion to Compel (Doc. 216); and

      7. Plaintiff's Motion for Sanctions (Doc. 222).

The court's rulings are set forth below.[1]

_____

[1]     The background and nature of this lawsuit have been described in prior opinions and will not be repeated.  See, e.g., Memorandum and Order, Doc. 180.

**1. Defendant Baker's Motion for a Protective Order (Doc. 205)**

Dr. Baker moves for a protective order excusing him from answering interrogatories and responding to requests for production.  Specifically, Dr. Baker asserts that he suffers from multiple sclerosis and is not physically or mentally capable of responding to the discovery requests.  In support of his motion, defendant submits the affidavit of his treating physician, Dr. Sharon Lynch, who opines:

> [Dr. Baker's] condition is such that he has certain memory loss and other cognitive deficits such that he would not be able to accurately and effectively respond to medical or legal questions concerning medical decisions, care and treatment provided to former patients, especially those in whose care he may have been involved in over two years ago.
>
> His condition is permanent and not likely to improve measurably.

(Doc. 206, ex. A).

The court is satisfied with Dr. Lynch's explanation of Dr. Baker's medical status and inability to respond to plaintiff's discovery requests.[2]  Accordingly, Dr. Baker's motion for a protective order shall be GRANTED.

**IT IS THEREFORE ORDERED** that Dr. Baker's motion for a protective order **(Doc. 205)** is **GRANTED.**  Based upon his medical condition, Dr. Baker is excused from responding to plaintiff's interrogatories and production requests.

---

[2]

In addition,  Dr. Norris, who succeeded Dr. Baker as the Regional Medical Director for Prison Health Services, Inc. ("PHS") was served with the same discovery requests and responded  Plaintiff does not challenge defendant's assertion that Dr. Norris's discovery responses "should suffice."

**2. Plaintiff's Motion for an Extension of Time (Doc. 208)**

Plaintiff moves to extend the court's December 2, 2005 deadline for the filing of dispositive motions by 60 days.  In support of his motion, plaintiff asserts that he anticipates filing summary judgment motions upon the completion of discovery and that defendants have delayed or refused to answer certain discovery requests, requiring him to file motions to compel.  No response has been filed by the defendants.

After considering plaintiff's arguments, the court is persuaded that a 30-day extension is appropriate.[3]  Accordingly, plaintiff's motion shall be GRANTED IN PART.

**IT IS THEREFORE ORDERED** that plaintiff's motion for an extension of time **(Doc. 208)** is **GRANTED IN PART.**  The deadline for filing dispositive motions is extended to **January 2, 2006.**

**3. Plaintiff's Motion for Clarification (Doc. 209)**

Plaintiff moves for clarification of the court's scheduling order which requires that the information required by Fed. R. Civ. P. 26(a)(1) "shall be exchanged by June 1, 2005." (Doc. 71).  Apparently, defendants subsequently advised plaintiff that the Rule 26(a)(1) disclosure requirements are not applicable to this case because Rule 26(a)(1)(E)(iii) exempts the parties from providing initial disclosures for "an action brought without

---

[3]

The pretrial conference originally scheduled for November 18, 2005 was canceled during an August 30, 2005 status conference.  (Doc. 185).  The parties agree that the final pretrial conference should be scheduled *after* the issues in this case are narrowed by rulings on dispositive motions.  Under the circumstances, the 30-day extension for the filing of dispositive motions does not materially disrupt the case management schedule.

counsel by a person in the custody of the United States, a state, or a state subdivision."

Plaintiff requests that the court clarify whether Rule 26(a)(1) disclosures are required in

this case.

Defendants filed no response in opposition and have waived their right to oppose the

motion.  D. Kan. Rule 7.4.  Notwithstanding the provisions of Rule 26(a)(1)(E)(iii), this

court expressly required the parties to exchange initial disclosures by June 1, 2005.[4]

Accordingly, plaintiff's motion shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion for clarification **(Doc.**

**209)** is **GRANTED.**  Defendants' initial disclosures were due June 1, 2005.  To the extent

the disclosures have not been provided, defendants shall complete the disclosures by

**November 21, 2005.**


### 4. Plaintiff's Motion for Clarification (Doc. 210)

Plaintiff moves for clarification concerning his understanding of the Court's August

30, 2005 status conference.  Unfortunately, plaintiff's motion lacks sufficient information

and/or coherency for the court to issue a "clarification.  Accordingly, the motion shall be

DENIED.

---

[4]

Defendants argued in their planning report that the Martinez report should constitute
their Rule 26(a)(1) disclosures.  The court did not adopt defendants' view that the Martinez
report was sufficient and ordered the exchange of information required by Rule 26(a)(1).
The requirement that defendants provide Rule 26(a)(1) disclosures in this case is
consistent with Fed. R. Civ. P. 1 which mandates that the rules of civil procedure "shall be
construed and administered to secure the just, speedy, and inexpensive determination of
every action."

**IT IS THEREFORE ORDERED** that plaintiff's motion for clarification **(Doc. 210)** is **DENIED.**

### 5. Defendant PHS's Motion for an Extension of Time (Doc. 213)

On October 7, 2005, this court ordered PHS to answer Interrogatory Nos. 5, 6, and 6(a) by October 21.  PHS moves for an extension of time to November 15, 2005 to comply with the court's order because of the number of prisoners involved (24) and the logistics of gathering and reviewing the records for those prisoners.  Although plaintiff opposes the motion, the court is satisfied that PHS has shown good cause for the extension.  Accordingly, the motion shall be **GRANTED.**

**IT IS THEREFORE ORDERED** that defendant PHS's motion for an Extension of time **(Doc. 213)** is **GRANTED.**  PHS is granted until **November 15, 2005** to comply with the October 7 discovery order.

### 6. Plaintiff's Motion to Compel (Doc. 216)

Plaintiff moves to compel Dr. Ayeni to respond to two interrogatory subparts:  (1) why Dr. Ayeni left PHS and (2) whether he had any medical malpractice judgments entered against him.  Dr. Ayeni has now supplemented his interrogatory answers to address the subparts and the motion is MOOT.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel Dr. Ayeni to answer two interrogatory subparts **(Doc. 216)** is **MOOT.**

**7. Plaintiff's Motion for Sanctions (Doc. 222)**

Plaintiff moves for sanctions against Dr. Baker for his failure to answer interrogatories.  However, as discussed above, Dr. Baker has been excused from answering interrogatories because of his medical condition.  Accordingly, the motion for sanctions against Dr. Baker shall be DENIED.

Plaintiff also moves for sanctions against Dr. Dayan for failure to comply with the court's August 29, 2005 order (Doc. 180) directing the doctor to answer interrogatories and production requests by September 23, 2005.  Defense counsel asserts that the discovery requests were forwarded to Dr. Dayan at his last known address but have been returned as "undeliverable."  Counsel argues he "cannot provide discovery responses from parties he is unable, after a diligent and good faith effort, to locate" and that the motion for sanctions "should be denied entirely."

As the court noted in its August 29 order, "the failure of a party to remain in contact with his or her counsel is not an acceptable reason for ignoring interrogatories or production requests."  (Doc. 180).  The court also cautioned defendant that the failure to comply with the discovery order "may result in the imposition of sanctions, up to and including a possible entry of default."  (Doc. 180).  Accordingly, the suggestion that the motion should be denied simply because Dr. Dayan has not stayed in contact with his attorney is rejected.

Under Fed. R. Civ. P. 37(b), the court has discretion to impose sanctions when a party fails to comply with a court order.  FDIC v. Daily, 973 F.2d 1525, 1530 (10th Cir. 1992).  In doing so, the court should consider the purpose of the sanction, including "(1)

deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating

victims of litigation abuse, and (4) streamlining court dockets and facilitating case

management." Resolution Trust Corp. v. Williams, 162 F.R.D. 654, 660 (D. Kan.

1995)(citing White v. General Motors, 908 F. 2d 675 (10th Cir. 1990)).  The sanction

imposed should be the least severe of those available to deter and punish the wrongdoer.

Kindergartners Count, Inc. v. DeMoulin, 209 F.R.D. 4666, 469 (D. Kan. 2002).  Equally

important, Rule 37 requires that the sanction (1) be "just" and (2) specifically related to the

particular "claim" which was at issue in the order to provide discovery.  Myers v. Colgate-

Palmolive Co., 102 F. Supp. 2d 1208, 1222 (D. Kan. 2000).  As explained in greater detail

below, plaintiff's motion for sanctions against Dr. Dayan shall be DENIED WITHOUT

PREJUDICE.

        This case was filed May 14, 2001.  However, because the case was initially

dismissed and then reversed on appeal, a summons was not served on Dr. Dayan until

October 1, 2003.  The summons was served by certified mail on "Stephen Dayan, M.D.,

Prison Health Services, c/o The Corporation Company."[5]  John Tongier, an attorney

admitted to practice in Kansas, entered an appearance for Dr. Dayan on *October 30, 2003*

and filed an answer on behalf of the doctor on *February 20, 2004.*  Notwithstanding his

entry of appearance and representation of Dr. Dayan in *2003 and 2004*, Mr. Tongier now

alleges that Dr. Dayan left PHS "at least three years ago" and his current address is

unknown.  The court is unwilling to impose sanctions against Dr. Dayan personally, at this

---

        [5]     The summons was mailed to The Corporation Company's Topeka address.

time, given such inconsistencies in the dates.  It is unclear whether Dr. Dayan is aware of this lawsuit and/or the discovery issue before the court.

Equally troubling is the minimal effort made by Mr. Tongier to communicate with his client by simply contacting Dayan's former employer, PHS, for the doctor's mailing address.  Doctors generally don't "just disappear" and counsel has proffered no evidence of utilizing any locator service or directory to determine whether Dr. Dayan practices medicine and/or resides in this country.

In addition to the above concerns, neither party has addressed the nature of the sanction, i.e., what would be a "just" or appropriate sanction under the circumstances. Similarly, neither party has addressed the "claims" in this case against Dr. Dayan and how the missing discovery responses affect plaintiff's ability to pursue such claims.  Under the circumstances, the motion for sanctions shall be denied without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's motion for sanctions against Dr. Baker (**Doc. 222-1**) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions against Dr. Dayan (**Doc. 222-2**) is **DENIED WITHOUT PREJUDICE.**  Dr. Dayan is given until **November 30, 2005** to answer plaintiff's discovery requests.  Failure to comply with this order may result in the imposition of sanctions, up to and including the entry of judgment against Dr. Dayan.

**IT IS FURTHER ORDERED** that any renewed motion for sanctions against Dr. Dayan and defendant's opposition to such motion shall address (1) the type of sanction which might be appropriate or "just" in this case and (2) the relationship of the discovery

requests to the claims against Dr. Dayan.  In addition, Mr. Tongier shall provide a

chronology of his contacts and communications with Dr. Dayan while this case has been

pending.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of November 2005.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge